RECOPYED
JUL 2 6 2007
By

1  Lisa S. Kantor, Esq. - State Bar No. 110678
    Email: lkantor@kantorlaw.net
2  Elizabeth K. Green, Esq. - State Bar No. 199634
    Email: egreen@kantorlaw.net
3  KANTOR & KANTOR, LLP
  17216 Parthenia Street
4  Northridge, CA 91325
  (818) 886-2525 (TEL)
5  (818) 350-6272 (FAX)

6  Attorneys for Plaintiff,
  DAVID WALKER
7

ORIGINAL FILED
JUL 23 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

11  C 07 3772 WDB

12  DAVID WALKER,                            )  CASE NO:
13        Plaintiff,                      )
                             ) COMPLAINT FOR:
14      VS.                                 )
                             ) BREACH OF THE EMPLOYEE
15  METROPOLITAN LIFE INSURANCE )  RETIREMENT INCOME
  COMPANY; KAISER PERMANENTE )  SECURITY ACT OF 1974;
16  FLEXIBLE BENEFITS PLAN, and      )  INJUNCTIVE AND
  DOES 1 THROUGH 10, INCLUSIVE, )  DECLARATORY RELIEF;
17                              ) PREJUDGMENT AND
      Defendants.                     )  POSTJUDGMENT INTEREST;
18                              ) AND ATTORNEYS' FEES' AND
  _____)  COSTS

19

20      Plaintiff, DAVID WALKER, herein sets forth the allegations of his Complaint

21  against Defendants, METROPOLITAN LIFE INSURANCE COMPANY and KAISER

22  PERMANENTE FOUNDATION HEALTH PLAN, INC. LONG TERM DISABILITY

23  PLAN.

24  **PRELIMINARY ALLEGATIONS**

25      1.   "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f)

26  and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA")

27  as it involves a claim by Plaintiff for employee benefits under employee benefit plans

28  regulated and governed under ERISA.   Jurisdiction is predicated under these code

1

1   sections as well as 28 U.S.C. sections 1331 as this action involves a federal question.

2   This action is brought for the purpose of obtaining benefits under the terms of an

3   employee benefit plan; to clarify and enforce Plaintiff's past, present and future rights

4   to benefits under all of the employee benefit plans named herein as defendants; and, to

5   obtain other equitable relief, including but not limited to, restitution, an injunction

6   ordering defendants to qualify Plaintiff for the receipt of benefits and to pay Plaintiff

7   benefits to which Plaintiff is entitled; for prejudgement and postjudgment interest; and

8   for attorneys' fees and costs.

9          2.    Plaintiff was at all times relevant, an employee of Kaiser Foundation Health

10  Plan Inc., and a resident and citizen of Contra Costa County.

11         3.    Plaintiff is informed and believes that Defendant METROPOLITAN LIFE

12  INSURANCE COMPANY ("METLIFE") is a corporation with its principal place of

13  business in the State of New York, authorized to transact and transacting business in the

14  Northern District of California and can be found in the Northern District of California.

15  METLIFE is the insurer of benefits under the LTD Plan. Defendant METLIFE is also

16  a Plan fiduciary as defined under ERISA.

17         4.    Plaintiff is informed and believes that Defendant KAISER PERMANENTE

18  FLEXIBLE BENEFITS PLAN, (hereinafter "LTD Plan") is an employee welfare benefit

19  plan regulated by ERISA, established by Kaiser Foundation Health Plan, Inc. under

20  which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to

21  Long Term Disability ("LTD") benefits under.  Pursuant to the terms and conditions of

22  the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's

23  disability, for so long as Plaintiff remains totally disabled as required under the terms of

24  the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers

25  employees residing in this judicial district.

26         5.    Defendants can be found in this judicial district and the Defendant Plan is

27  all administered in this judicial district.  The LTD claim at issue herein was also

28  specifically administered in this judicial district.  Thus, venue is proper in this judicial

2

1  district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA

2  actions).

3

4  ### FIRST CAUSE OF ACTION AGAINST

5  ### KAISER PERMANENTE FLEXIBLE BENEFITS PLAN AND

6  ### METROPOLITAN LIFE INSURANCE COMPANY

7  ### FOR DENIAL OF PLAN BENEFITS

8       6.     At all times relevant, Plaintiff was employed by Kaiser Foundation Health

9  Plan, Inc.  During the course of Plaintiff's employment, Plaintiff became entitled to

10 benefits under the terms and conditions of the LTD Plan and other employee benefit

11 plans established and maintained by Kaiser.  Specifically, while Plaintiff was covered

12 under the LTD Plan, Plaintiff suffered a disability rendering him totally disabled as

13 defined under the terms of the LTD Plan.

14      7.     At all times herein mentioned, Plaintiff was a covered participant under the

15 terms and conditions of the LTD Plan.

16      8.     Pursuant to the terms of the LTD Plan, Plaintiff made a claim to METLIFE

17 for LTD benefits under the Plan.  On June 16, 2006, Plaintiff's claim for LTD benefits

18 was denied by METLIFE.  On February 8, 2007, Plaintiff appealed this determination

19 and, despite overwhelming evidence of a covered LTD claim, on June 18, 2007,

20 METLIFE erroneously and wrongfully continued to uphold its prior determination

21 denying Plaintiff's claim for LTD benefits.

22      9.     Defendants METLIFE and LTD Plan wrongfully denied Plaintiff's claim,

23 in the following respects:

24           (a)     Failure to pay LTD benefit payments to Plaintiff at a time when

25           METLIFE and the LTD Plan knew, or should have known, that Plaintiff was

26           entitled to those benefits under the terms of the LTD Plan, as Plaintiff was

27           disabled and unable to work and therefore entitled to benefits.  Even though the

28

LTD Plan and METLIFE had such knowledge, METLIFE denied Plaintiff's LTD benefits;

(b)    Withholding LTD benefits from Plaintiff knowing Plaintiff's claim was valid, for the reasons set forth in subparagraph (a) above;

(c)    Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(d)    After Plaintiff's claim was denied in whole or in part, METLIFE failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect him claim along with an explanation of why such material is or was necessary;

(e)    Concealing and withholding from Plaintiff the notice requirements METLIFE and the LTD Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder,  particularly Code of Federal Regulations §2560.503-1(e) - (g), inclusive; and

(f)    Failing to properly and adequately investigate the merits of Plaintiff's disability claim.

10.    Plaintiff is informed and believes and thereon alleges that these named defendants wrongfully denied his disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make defendants aware of once said acts or omissions are discovered by Plaintiff.

11.    Following the denial of Plaintiff's disability claim under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

1    12.    As a proximate result of the aforementioned wrongful conduct of the LTD

2  Plan and METLIFE, and each of them, Plaintiff has damages for loss of disability

3  benefits in a total sum to be shown at the time of trial.

4    13.    As a further direct and proximate result of this improper determination

5  regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to

6  incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled

7  to have such fees and costs paid by Defendant(s).

8

9    **SECOND CAUSE OF ACTION AGAINST**

10    **KAISER PERMANENTE FLEXIBLE BENEFITS PLAN AND**

11    **METROPOLITAN LIFE INSURANCE COMPANY**

12    **FOR EQUITABLE RELIEF**

13    14.    Plaintiff refers to and incorporates by reference paragraphs 1 through 13 as

14  though fully set forth herein.

15    15.    As a direct and proximate result of the failure of the LTD Plan and/or

16  METLIFE to pay disability benefits to Plaintiff, and the resulting injuries and damages

17  sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that

18  this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

19    (a)    Restitution of all past benefits due to Plaintiff under the LTD Plan,

20  plus prejudgment and postjudgment interest at the lawful rate;

21    (b)    A mandatory injunction issued requiring defendants LTD Plan and

22  METLIFE to immediately qualify Plaintiff for past disability benefits under the LTD

23  Plan, and to continue such qualification for so long as Plaintiff remains totally disabled

24  under the terms of the Plan; and

25    (c)    Such other and further relief as the Court deems necessary and proper

26  to protect Plaintiff's interests as a disabled employee and/or participant under the LTD

27  Plan.

28

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### KAISER PERMANENTE FLEXIBLE BENEFITS PLAN AND
### METROPOLITAN LIFE INSURANCE COMPANY
### FOR DECLARATORY RELIEF

16.    Plaintiff refers to and incorporates by reference paragraphs 1 through 15 as though fully set forth herein.

17.    A controversy now exists between METLIFE and/or the LTD Plan on the one hand and Plaintiff on the other as to whether Plaintiff is disabled under the terms of the LTD Plan. Plaintiff seeks a declaration by this Court that Plaintiff meets the LTD Plan definition of disability and was and is entitled to continued LTD benefits from Defendant METLIFE and/or the LTD Plan. Plaintiff further seeks a declaration by this Court that if in fact Plaintiff is found to have been and continued to remain disabled under the terms of the controlling Plan documents, that all benefits provided under the Plan while a participant is disabled, be reinstated retroactive to the date Plaintiff's disability benefits should have been awarded.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.    Payment of disability benefits due Plaintiff, including any and all prejudgment and postjudgment interest;

2.    For a declaration that Plaintiff is disabled under the terms of the LTD Plan and entitled to receive benefits for the same while Plaintiff is, was and continues to remain disabled;

3.    For injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the LTD Plan;

4.    Pursuant to 29 U.S.C. § 1132(g) for all costs and attorney fees incurred in pursuing this action;

1        5.     For prejudgement and postjudgment interest as allowed for under ERISA;

2 and

3        6.     For such other and further relief as this Court deems just and proper.

4

5 DATED: July 18, 2007              KANTOR & KANTOR, LLP

6

7

8                                      Lisa S. Kantor
Attorneys for Plaintiff
David Walker

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28