SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
CHRISTOPHER KELLER  Bar No. 178491
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Walker,<br><br>       Plaintiff,<br><br>       v.<br><br>Metropolitan Life Insurance Company,<br>Kaiser Permanente Flexible Benefits Plan,<br>et al.,<br><br>       Defendants. | CASE NO. C 07 3772 WDB<br><br>**ANSWER OF DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND KAISER PERMANENTE FLEXIBLE BENEFITS PLAN** |

Come now defendants Metropolitan Life Insurance Company ("MetLife") and Kaiser Permanente Flexible Benefits Plan ("Plan"), also sued as "Kaiser Permanente Foundation Health Plan, Inc. Long Term Disability Plan," and respond to the Complaint of plaintiff David Walker, as follows:

1.     To the extent that paragraph 1 of the Complaint consists of legal conclusions, defendants are not required to respond. To the extent that paragraph 1 could be deemed to contain factual allegations, defendants admit that the Plan is an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, *et seq.* Defendants further admit that plaintiff in his complaint makes allegations regarding a purported right to benefits under the Plan, all of which allegations are denied by defendants, and seeks relief of various types predicated upon his purported right to such benefits.

Except as expressly admitted herein, the allegations of paragraph 1 are denied, and defendants expressly deny that plaintiff is or may be entitled to any recovery or relief of any type or kind on the basis of the allegations set forth in the Complaint.

2. Responding to paragraph 2 of the Complaint, defendants state that plaintiff was employed by Kaiser Foundation Hospitals ("KFH"), and deny that plaintiff was employed by Kaiser Foundation Health Plan Inc. Defendants admit on information and belief that in connection with his application for Plan benefits, plaintiff submitted some documents indicating that his address was in Concord, California, but submitted other documents variously indicating his address as being in Daly City and Sunnyvale, California, as well as in Missoula, Montana . Except as expressly stated, defendants lack information sufficient to form a belief as to plaintiff's place of residence, and on that basis deny such allegations.

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. Defendants admit that the Plan is an employee welfare benefit plan and is regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Defendants further admit that while plaintiff was an employee of KFH, he was eligible to participate, and at relevant times did participate, in the Plan, and that the Plan may be found in this judicial district. Except as expressly admitted herein, the allegations of paragraph 4 of the Complaint are denied, and defendants expressly deny that plaintiff is or was disabled under the terms of the Plan and expressly deny that plaintiff is or was entitled to Plan benefits.

5. Responding to paragraph 5 of the Complaint, defendants admit that MetLife and the Plan may be found in this judicial district, admit that the Plan is administered in this judicial district, and admit that venue is proper in this judicial district. Except as expressly admitted, the allegations of paragraph 5 are denied.

6. The allegations of paragraph 6 of the Complaint are denied.

7. Responding to paragraph 7 of the Complaint, defendants admit that during the time that plaintiff was an employee of KFH, he was eligible to participate, and at relevant times did participate, in the Plan. Except as expressly admitted, the allegations of paragraph 7 are denied.

8. Responding to paragraph 8 of the Complaint, defendants admit that plaintiff made a claim for Plan benefits, which was denied by MetLife, the Plan's claim administrator for long term disability ("LTD") benefits, in a letter dated June 16, 2006. Defendants further admit that a letter appeal dated February 8, 2007, was submitted by plaintiff, and that after further review and consideration the initial claim decision was upheld by MetLife in a letter dated June 18, 2007. Except as expressly admitted herein, the allegations of paragraph 8 of the Complaint are denied, and defendants expressly deny that plaintiff is or at any relevant time was disabled under the terms of the Plan.

9. To the extent that paragraph 9 of the Complaint consists of legal conclusions, defendants are not required to respond. Responding to the factual allegations of paragraph 9 of the Complaint, defendants admit that plaintiff's claim was denied, but deny all other allegations of paragraph 9, and expressly deny that the denial of plaintiff's claim was in any respect "wrongfully" denied.

10. Responding to paragraph 10 of the Complaint, defendants admit that plaintiff's claim was denied, but deny all other allegations of paragraph 10, and expressly deny that the denial of plaintiff's claim was in any respect "wrongfully" denied.

11. To the extent that paragraph 11 of the Complaint consists of legal conclusions, defendants are not required to respond. Responding to the factual allegations of paragraph 11, defendants admit that plaintiff exhausted available administrative remedies under the Plan, but deny the remaining factual allegations of paragraph 11.

12. Responding to paragraph 12 of the Complaint, defendants admit that plaintiff's claim for Plan benefits was denied, but deny that such denial was "wrongful" and deny that plaintiff is or may be entitled to any recovery or relief of any type or kind by reason of the allegations of the Complaint.

13. Responding to paragraph 13 of the Complaint, defendants admit that plaintiff's claim for Plan benefits was denied, but deny that such denial was "improper" and deny that plaintiff is or may be entitled to any recovery or relief of any type or kind by reason of the allegations of the Complaint.

14. Responding to paragraph 14 of the Complaint, defendants incorporate herein by reference, as though set forth in full, paragraphs 1 through 13, inclusive, above.

15. Responding to paragraph 15 of the Complaint, defendants admit that plaintiff's claim for Plan benefits was denied, but deny that plaintiff is or may be entitled to any recovery or relief of any type or kind by reason of the allegations of the Complaint, and deny all factual allegations set forth in paragraph 15 in support of the proposition that plaintiff is entitled to equitable relief or to any other form of relief or recovery based upon the allegations of the Complaint.

16. Responding to paragraph 16 of the Complaint, defendants incorporate herein by reference, as though set forth in full, paragraphs 1 through 15, inclusive, above.

17. Responding to paragraph 17 of the Complaint, defendants admit that there is a controversy between defendants on the one hand, and plaintiff on the other hand, in that plaintiff has brought this suit and has made the allegations set forth in the Complaint, which defendants deny. Defendants further admit that plaintiff seeks a declaration of this Court sustaining his claims as set forth in his Complaint. Except as expressly admitted herein, the allegations of paragraph 17 are denied, and defendants further and expressly deny the underlying premise of paragraph 17 that plaintiff is or was disabled under the Plan at any relevant time.

18. In response to plaintiff's request for relief, In response to Plaintiff's prayer for relief, defendants expressly deny that Plaintiff is or may be entitled to attorney fees whether under the cited statute or under any other statute or common law, or to Plan benefits, or to any other form of remedy or relief of any type or kind, or in any amount or amounts, with regard to any of the matters set forth in the Complaint. Defendants further expressly deny that there is any factual or legal basis on which any dispute between plaintiff and defendants could or should be resolved in favor of plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which attorney fees can be awarded.

### FOURTH AFFIRMATIVE DEFENSE

Each action of either of the defendants, and of the fiduciaries, delegates and agents of the Plan, with respect to the matters alleged in the Complaint, if any such action was taken, was at all times done in good faith and for proper reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that plaintiff may be found to be entitled to any Plan benefits, the possibility of which defendants expressly deny, any such benefits must be limited by the terms the Plan.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that any decisions made by defendants or by others on behalf of defendants were not arbitrary or capricious, but rather were reasonable in light of the evidence submitted by or on behalf of plaintiff, and in light of the complete administrative record, and were reasonably based on the facts as determined and understood by them and on the terms and conditions of the Plan and on the applicable law.

### NINTH  AFFIRMATIVE DEFENSE

All of the actions of defendants, and of those persons and entities who acted on behalf of defendants with regard to matters alleged in the Complaint, if any, were permitted and/or were required by the applicable law and/or by the terms of the Plan.

### TENTH AFFIRMATIVE DEFENSE

All determinations made by defendants or by others on behalf of defendants with respect to plaintiff's claims were made in the interest of all of the participants and beneficiaries of the Plan as a whole, and in accordance with the terms and conditions of the Plan and of the applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

None of the claims being pursued in the Complaint is payable under the terms and conditions of the Plan, and none of the relief sought in the Complaint is consistent with the terms of the Plan.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with each and all of the terms and conditions of the Plan, and for that reason the claims attempted to be stated in the Complaint are not payable.

### THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to any payment of benefits, which defendants deny, such benefits must be reduced and offset by any other income, benefits or set-offs as defined in the Plan, that were, are or may be payable to him.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery by plaintiff is barred in whole or in part due to his own delay or failure to disclose or provide information pertaining to the allegations in his Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff may be found by the Court to be entitled to any benefits at this time, the possibility of which defendants expressly deny, such immediate entitlement would not entitle plaintiff to unlimited future benefits given, *inter alia*, the possibility that he may recover in the future from any disabling conditions, the existence of which is denied, and due to the effect of other Plan requirements, exclusions and/or limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff had failed to set out his claims with sufficient particularity to permit defendants to raise all appropriate defenses, and defendants therefore reserve the right to add further defenses as the bases for plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, defendants pray for relief as follows:

1. That plaintiff take nothing by way of his Complaint;

2. That judgment be entered in favor of defendants and against plaintiff;

3. That defendants be awarded their costs of suit incurred in this action;

4. That defendants be awarded their attorney's fees incurred in this action under 29 U.S.C. § 1132; and

5. For such other and further relief as the Court deems just and proper.

DATED:  Sept. 4, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: /s/ Rebecca A. Hull
    Rebecca A. Hull
    Christopher Keller
    Attorneys for Defendants