1

Last revised April 9, 2007.

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

**SUPPLEMENTAL ORDER TO**
10
**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE**
11          **IN CIVIL CASES BEFORE JUDGE WILLIAM ALSUP**

12

13                              **INTRODUCTION**

14          The purpose of this supplemental order is to guide the parties on recurring practical

15   questions that arise prior to trial and to impose certain requirements for the conduct of the

16   case.  Counsel must please read this order and follow it.

17                          **SERVICE OF THIS ORDER**

18          1.      For cases originating in this Court, plaintiff(s) must serve this order and the order

19   setting the initial case management conference (along with any other required pleadings) on each

20   defendant.  For cases removed from state court, the removing defendant(s) must serve this order

21   and the order setting the initial case management conference (along with any other required

22   pleadings) immediately on each and every party that has previously appeared or that appears

23   within thirty days after removal.  Thereafter, any existing party to the action that brings a new

24   party into the action must immediately serve a copy of this order and the order setting the initial

25   case management conference (along with any other required pleadings) on the new party.

26

27

28

United States District Court
For the Northern District of California

1   **CASE MANAGEMENT CONFERENCE**

2        2.      The parties will please address the standardized items in the court-wide format for

3   the joint case management statement.  This is available at the Standing Order For all Judges of

4   the Northern District of California — Contents of Joint Case Management Statements.  Please

5   file (electronically or manually depending on your case) at least **SEVEN CALENDAR DAYS** prior to

6   the case management conference.

7        3.      Each party shall be represented at the case management conference by counsel

8   (preferably lead counsel) prepared to address all such matters and with authority to enter

9   stipulations and to make admissions.

10       4.      Pursuant to FRCP 26(d), no formal discovery shall be initiated by any party until

11  after the meet-and-confer session required by FRCP 26(f), except by stipulation or prior court

12  order.  As soon as a party has notice of this order, however, the party shall take such affirmative

13  steps as are necessary to preserve evidence related to the issues presented by the action,

14  including, without limitation, interdiction of any document-destruction programs and any

15  ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

16           **ELECTRONIC CASE FILING — LODGING HARD COPIES WITH CHAMBERS**

17       5.      In all "E-Filing" cases, in addition to filing papers electronically, the parties are

18  required to lodge for chambers one paper copy of each document that is filed electronically.

19  These printed copies shall be marked "Chambers Copy — Do Not File" and shall be in an

20  envelop clearly marked with the judge's name and case number.  It shall be delivered to the

21  Clerk's office no later than noon on the day following the day that the papers were filed

22  electronically.  Parties shall *not file* a paper copy of any document with the Clerk's Office that

23  has already been filed electronically.  For the final pretrial conference, please follow *Guidelines*

24  *for Trial and Final Pretrial Conference In Civil Jury Cases Before the Honorable William*

25  *Alsup*.

26       6.      Any proposed order other than those routinely submitted in connection with

27  regularly-noticed motions shall be sent by e-mail to "whapo@cand.uscourts.gov" in

28  WordPerfect or Microsoft Word format (*never* PDF).  **PLEASE** include the case name and

number on the "subject" line of the e-mail message. This address should *only* be used for such proposed orders.

### SETTING MOTIONS

7.    Counsel need not request a motion hearing date and may notice non-discovery motions for any Thursday (excepting holidays) at 8:00 a.m. Case management and final pretrial conferences will be set by the Court.

### FORM OF SUBMISSIONS

8.    On summary judgment motions, joint statements of undisputed facts are not required but are helpful if completely agreed upon. Please do *not* file separate statements of "undisputed facts."

9.    Reply declarations are disfavored. Opening declarations should set forth all facts on points foreseeably relevant to the relief sought. Reply papers should not raise new points that could have been addressed in the opening.

10.    The title of the submission must be sufficient to alert the Court to the relief sought; for example, please do not bury a request for continuance in the body of a memorandum.

11.    All submissions filed with the Court shall include on the cover sheet the date and time of the hearing or conference. Counsel should include their facsimile transmission numbers along with their telephone numbers on their papers.

### DISCOVERY

12.    The following paragraphs on discovery provide counsel and the parties with views and guidelines of Judge Alsup so that they can plan accordingly. For good cause, the parties are invited to propose any modifications in their joint case management conference statement. Unless and until modified, however, the following provisions shall supplement the requirements of the Federal Rules of Civil Procedure and the local rules.

13.    In responding to requests for documents and materials under FRCP 34, all parties shall *affirmatively state* in a written response the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such

United States District Court
For the Northern District of California

3

1   materials might plausibly exist.  It is not sufficient to state that "responsive" materials will be or

2   have been produced.  Such a response leaves open the distinct possibility that other responsive

3   materials have not been produced.

4            14.    In searching for responsive materials in connection with FRCP 34 requests or for

5   materials required to be disclosed under FRCP 26(a)(1), parties must search computerized files,

6   e-mails, voice mails, work files, desk files, calendars and diaries, and any other locations and

7   sources if materials of the type to be produced might plausibly be expected to be found there.

8   The Court has found that certain basic information normally learned by counsel anyway should

9   be made available to the other side at the time of production, as if it were a response to a

10  standing interrogatory, as follows.  At the time of the production, the responding party should

11  provide a written list to the requesting party setting forth in detail each specific source and

12  location searched.  The list must also identify, by name and position, all persons conducting the

13  search and their areas of search responsibility.  The producing party shall also provide a list

14  describing the specific source for each produced item as well as for each item withheld on a

15  ground of privilege, using the unique identifying numbers to specify documents or ranges.

16  Materials produced in discovery should bear unique identifying control numbers on each page.

17           15.    To the maximum extent feasible, all party files and records should be retained

18  and produced in their original form and sequence including file folders, and the originals should

19  remain available for inspection by any counsel on reasonable notice.

20           16.    Except for good cause, no item shall be received as case-in-chief evidence if the

21  proponent has failed to produce it in response to a reasonable and proper discovery request

22  covering the item, regardless of whether any discovery motion was made.  A burden or

23  overbreadth or similar objection shall not be a valid reason for withholding requested materials

24  actually known to counsel or a party representative responsible for the conduct of the litigation.

25           17.    Privilege logs shall be promptly provided and must be sufficiently detailed and

26  informative to justify the privilege.  *See* FRCP 26(b)(5).  No generalized claims of privilege or

27  work-product protection shall be permitted.  With respect to each communication for which a

28

United States District Court
For the Northern District of California

1   claim of privilege or work product is made, the asserting party must at the time of assertion

2   identify:

3           (a)     all persons making or receiving the privileged or protected

4   communication;

5           (b)     the steps taken to ensure the confidentiality of the communication,

6   including affirmation that no unauthorized persons have received the

7   communication;

8           (c)     the date of the communication; and

9           (d)     the subject matter of the communication.

10  Failure to furnish this information at the time of the assertion will be deemed a waiver of the

11  privilege or protection. The log should also indicate, as stated above, the location where the

12  document was found.

13          18.     Absent extraordinary circumstances, counsel shall consult in advance with

14  opposing counsel and unrepresented proposed deponents to schedule depositions at

15  mutually-convenient times and places.  That some counsel may be unavailable shall not,

16  however, be grounds for deferring or postponing a deposition if another attorney from the same

17  firm or who represents a party with similar interests to that witness is able to attend.  Ordinarily,

18  if one side desires a prompt deposition, the other side is expected to agree to dates falling within

19  *thirty days* of the request.  On the other hand, rarely should one side expect the other side to

20  agree to a deposition sooner than *seven days* of the request.

21          19.     If any objection to a request for materials is overruled, and if the disputed request

22  was due and pending at the time of a deposition, the withholding party or counsel must, at the

23  request of any other party, re-produce all deponents under its control or represented by them for

24  further deposition examination as to any new materials produced in response that are germane

25  to that deponent and must bear the expense of doing so.  A party objecting to producing

26  requested materials may not use the existence of its own objections as a basis for postponing

27  any deposition unless such party promptly meets and confers and then, if failing to reach an

28  agreement, seeks to bring a prompt motion for a protective order.

**United States District Court**
For the Northern District of California

1    20.    Counsel and parties shall comply with FRCP 30(d)(1).  Deposition objections

2    must be as to privilege or form only.  Speaking objections are prohibited.  Under no

3    circumstances should any counsel interject, "if you know," or otherwise coach a deponent.

4    When a privilege is claimed, the witness should nevertheless answer questions relevant to the

5    existence, extent or waiver of the privilege, such as the date of a communication, who made the

6    statement, to whom and in whose presence the statement was made, other persons to whom the

7    contents of the statement have been disclosed, and the general subject matter of the statement.

8    Private conferences between deponents and attorneys in the course of examination, including a

9    line of related questions, are improper and prohibited except for the sole purpose of determining

10    whether a privilege should be asserted.

11    21.    Deponents and their counsel must make a good-faith effort to prepare for

12    depositions and to refresh witness memories on important matters in the suit about which the

13    witness reasonably should be expected to have knowledge.  Deponents who claim to lack

14    recollection during their deposition but who later claim at trial to have had their memories

15    refreshed in the interim, may be, among other things, impeached with their previous failures of

16    recollection during their depositions or be subject to preclusion.  In preparing deponents,

17    defending counsel shall segregate and retain all materials used to refresh their memories and

18    shall provide them to examining counsel at the outset of the deposition.

19    22.    To the maximum extent feasible, deposition exhibits shall be numbered in a

20    simple manner that will allow the same numbering at trial.  In discovery, counsel shall agree on

21    blocks of exhibit numbers to be used by the respective parties.  Identical exhibits should not be

22    re-marked, but various versions of the same document, such as copies with hand notes added,

23    should be separately marked if used.  *See* Local Rule 30-2(b)(3).

24    23.    FRCP 26(a)(2)(B) requires disclosure of all opinions, bases, reasons and "other

25    information considered" by an expert.  Counsel shall preserve all drafts of expert reports (partial

26    or complete) and notes and other evidence of communications with experts (or with any

27    intermediaries between counsel and the experts) on the subject of this actual or potential

28    testimony, and shall instruct their experts and any intermediaries to do likewise.  All such

1    materials shall be produced upon expert designation (unless all parties otherwise stipulate in

2    writing).  This requirement does not apply to intermediate drafts prepared solely by the

3    testifying expert not provided to or discussed with anyone else.  Counsel's private notes of

4    conversations will be treated as work product and need not be produced absent the showing

5    required by FRCP 26(b)(3).

6         24.     With respect to depositions under FRCP 30(b)(6), the fundamental purpose is to

7    allow a party to notice a deposition by subject matter, thereby requiring the respondent to

8    designate and to produce one or more organization witnesses knowledgeable on the designated

9    topic, a useful procedure when the roles of percipient witnesses controlled by an adverse party

10   are unknown.  In some cases, however, counsel routinely appear to notice

11   Rule 30(b)(6) depositions on numerous and wide-ranging topics, including even the basis for

12   "contentions" made by adverse parties.  To obviate disputes and to give guidance, these

13   guidelines will be observed:

14        (a)     Without a prior order increasing the limit, a party may seek

15   Rule 30(b)(6) depositions from another party on up to a total of ten subject

16   matters (for the entire case) described with "reasonable particularity."  In framing

17   the subjects, it is normally improper to ask for Rule 30(b)(6) deponents to testify

18   concerning the entire basis of a claim or defense.  On the other hand, examples of

19   proper subjects, which would require the respondent to find and to produce

20   knowledgeable deponents, include "the time line of research and development

21   leading to the invention in question" or "the efforts undertaken by defendant to

22   locate documents responsive to plaintiff's document request."  The notice should

23   be directed at discovering percipient facts in the possession of the adverse party,

24   not at forcing a supposed "fact witness" to appear and defend the entire thesis of a

25   claim or defense.  If a notice includes an overbroad topic, the overbroad topic

26   shall be unenforceable and may not be later replaced with a proper topic.

27        (b)     Each witness-designee deposed for one half-day or more in a

28   Rule 30(b)(6) deposition shall count as a single deposition for purposes of the

**United States District Court**
For the Northern District of California

7

deposition limit under FRCP 26 or under any case management order setting a limit on the number of depositions. A corporate designee may, immediately after being deposed on the stated subject, be deposed in his or her individual capacity. Both such sessions shall count together as a single deposition (although they should be separately transcribed). If two designees, to take another example, are interrogated, each for one half-day or more, then they count as two depositions.

(c)      If an organization cannot reasonably locate a witness to testify based on personal knowledge, there is no requirement under Rule 30(b)(6) for the organization to "woodshed" or to "educate" an individual to testify on the subject. If the organization does not produce any such deponent, however, the organization may not present case-in-chief evidence at trial or on summary judgment on that topic from any witness it could have so designated.

(d)      Rule 30(b)(6) testimony never constitutes an irrebuttable judicial admission. It will normally, however, be evidence admissible against the organization producing the witness. The jury may, upon request, be instructed on the significance of the testimony under Rule 30(b)(6).

25.      If a dispute arises during a deposition and involves either a persistent obstruction of the deposition or a refusal to answer a material question on a ground other than privilege, counsel may attempt to arrange a telephone conference with the Court through the courtroom deputy, Dawn Toland, at 415-522-2020. Any such conference should be attended by the same court reporter recording the deposition.

26.      All other requests for discovery relief must first be summarized in a letter no longer than three pages from the party seeking relief after having met and conferred. Up to twelve pages of attachments may be added. In the letter, counsel should identify themselves in the signature block as "counsel for _____." *The letter should be electronically-filed in the official file along with the discovery-dispute requests and responses, as well as any timely letter cancelling the hearing if settlement is reached.* Counsel may send (and manually file) their letters via the United States mail if their case is not an e-file case. (Please note that with all

**United States District Court**
For the Northern District of California

1   communications with the Court by e-filing, *a hard copy must be lodged* in the Court's mail box

2   in the Clerk's Office on the sixteenth floor no later than noon of the following day.)  The Court

3   will then advise the parties whether a response, written motion or a  telephone conference or

4   court hearing will be required.  After the telephone conference or hearing, counsel should submit

5   their proposed order (agreed as to form) by e-filing it and/or by United States mail.  This

6   paragraph applies only to cases wherein discovery is being supervised by the district judge rather

7   than by a magistrate judge or special master.

8                                                    **DISCLOSURES**

9        27.     Apart from discovery, Rule 26 requires certain automatic disclosures and requires

10  them to be made in a timely manner.  Under Rule 37(c), untimely-disclosed materials may not be

11  used at trial or on summary judgment unless the delay in disclosure is "harmless" or unless

12  "substantial justification" for the delay is shown.

13                                  **COMMUNICATIONS WITH CHAMBERS**

14       28.     Please do not send any letters to the Court (except for requests for discovery

15  conferences, short cover letters for dismissals, orders agreed-upon as to form, or chambers

16  copies of electronically-filed documents).  When corresponding with the Court by letter, always

17  identify whom you represent.  Please do not fax or messenger anything to chambers without

18  advance permission specific to the item.  If you need to messenger a letter to the Court, please

19  have it taken directly to the Clerk's Office.  If you want the official file to be complete, you must

20  either take your letter to the Clerk's Office on the sixteenth floor and request it to be filed in the

21  official files, or mail it to the Clerk's Office for filing, or e-file it if the case is an e-filed case; the

22  chambers staff is *not* responsible for filing your documents.

23       29.     You may contact the courtroom deputy, Dawn Toland (on the sixteenth floor in

24  the Clerk's Office), at 415-522-2020 with appropriate inquiries.  Except for the letters described

25  above, please do not attempt to make contact by telephone or any other *ex parte* means with

26  chambers staff.

27

28

**CROSS REFERENCE TO OTHER STANDING ORDERS AND GUIDELINES**

30.     The Court has separate standing guidelines for preparation for the final pretrial conference and trial.  In securities cases, the Court has a standing order concerning early notice to class members.  They are always available for review at the website for the United States District Court for the Northern District of California at www.cand.uscourts.gov.


Dated:  April 9, 2007.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

10