SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
CHRISTOPHER KELLER  Bar No. 178491
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants

KANTOR & KANTOR, LLP
LISA S. KANTOR Bar No. 110678
ELIZABETH K. GREEN Bar No. 199634
17216 Parthenia Street
Northridge, CA 91325
(818) 886-2525 (Tel.)
(8181_ 350-6272 (Fax)
lkantor@ kantorlaw.net
egreen@kantorlaw.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Walker,<br><br>            Plaintiff,<br><br>      v.<br><br>Metropolitan Life Insurance Company, Kaiser Permanente Flexible Benefits Plan, et al.,<br><br>            Defendants. | CASE NO. C 07 3772 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: November 8, 2007<br>Time: 3:00 p.m.<br>Ctrm: 9, 19th Fl., San Francisco |

Pursuant to the Federal Rules of Civil Procedure, Rule 26(f), the Local Rules of this Court, and this Court's Order, Plaintiff David Walker ("Walker") and Defendants Metropolitan Life Insurance Company ("MetLife") and Kaiser Permanente Flexible Benefits Plan ("the Plan") (collectively, "Defendants"), by and through their respective counsel of record, hereby submit this Joint Report.

**Jurisdiction and Service.**

This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for long term disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is also predicated under 28 U.S.C. § 1331 - federal question.

**Facts.**

This case arises from a claim by Plaintiff David Walker for long term disability benefits under the Kaiser Permanente Flexible Benefits Plan, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant MetLife is the insurer of the Plan.

Walker, employed as an Administrator for Kaiser Permanente, suffered cardiomyopathy and congestive heart failure in July 2005. Following an elimination period, Walker applied for long term disability benefits with MetLife. MetLife denied Walker's claim for long term disability benefits in June 2006. Walker appealed the decision and MetLife upheld its denial.

Walker contends that the denial was wrong and he is entitled to continued disability benefits. Defendants contend the denial was correct.

**Principal Factual Issues in Dispute**

Whether Mr. Walker was at the time of his claim disabled from his "own occupation" under the Plan.

**Legal Issues.**

(1) The proper standard of review by which Defendants' decision must be evaluated by the Court; and (2) whether Mr. Walker is entitled to benefits under the terms of the Plan.

**Motions Anticipated by the Parties.**

There are no prior or pending motions. The parties anticipate filing cross-motions for summary judgment. The parties propose a motion filing cut-off of May 12, 2008.

**Amendment of Pleadings.**

There are no anticipated amendments to the pleadings.

**Evidence Preservation.**

Plaintiff has no electronic documents that require preservation.

The Plan has taken steps to preserve evidence relevant to the issues reasonably evident in this action as of the date when the filing of the litigation was known, and has preserved and will produce through initial disclosures the entire administrative record in this matter.

**Disclosures.**

    a.   **Plaintiff's Disclosure**

Plaintiff will produce documents pursuant to Rule 26 to the extent they are necessary to complete the administrative record produced by Defendant.

    b.   **Defendants' Disclosure**

Rule 26(a)(1)(E)(i) of the Federal Rules of Civil Procedure explicitly exempts actions for review on an administrative record from initial disclosures. However, in order to avoid unnecessary delay and expense, and without waiving the applicability of Fed. R. Civ. P. 26(a)(1)(E)(i) to the instant case, which will be decided based on review of the administrative record, Defendant will make initial disclosure prior to the case management conference, and will produce the administrative record pertaining to the disability claim that is the subject of this action, as well as Plan documents.

Defendants dispute the propriety of any attempt by Plaintiff to supplement the administrative record by submitting documents not contained within the administrative record. Should Plaintiff intend to seek the Court's leave to supplement the administrative record, Defendants contend that any documents as to which Plaintiff intends to seek such leave should be disclosed simultaneously with Defendants' disclosure.

**Discovery.**

Neither party has taken any discovery to date.

    a.   **Plaintiff's Contentions re Discovery.**

Plaintiff contends that discovery is appropriate regarding the issue of conflict pursuant to *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). In *Abatie*, the court confirmed that district courts may consider evidence outside of the administrative record in

ERISA cases "to decide the nature, extent, and effect on the decision-making process of any conflict of interest" in order to determine the appropriate level of scrutiny the court will give to a conflicted administrator's decision to deny the participant's benefits. *Id.* at 970. Because the plan participant necessarily cannot have access to information outside of the administrative record without discovery, discovery is permitted to enable courts to consider the evidence that the *Abatie* court contemplated.

In the short time since *Abatie*, district courts in the Ninth Circuit have followed suit and issued decisions permitting discovery requests by plaintiffs in ERISA cases. *Groom v. Standard Ins. Co.*, 492 F.Supp.2d 1202 (C.D. Cal. 2007); *Harper v. Unum Life Ins. Co. of America*, 2007 WL 1792004, *5 (E.D. Cal. June 19, 2007); *Sterio v. Highmark Life Ins. Co.*, 2007 WL 1650929 (E.D. Cal. June 5, 2007); *Beckstrand v. Electronic Arts Group Long Term Disability Ins. Plan*, 2007 WL 1599769, *5 (E.D. Cal. June 4, 2007) ("discovery that would lead to evidence that, among other things, the plan had a record of denying benefits, continuously retaining doctors who rendered opinions favorable to the plan, or had standards or protocols with which the administrator complied . . . . Such evidence now goes to the deference that the court will use in reviewing the merits of the case and, thus, is relevant and admissible under *Abatie*"); *Starr v. MGM Mirage*, 2007 WL 1560335, *4 (D. Nev. May 23, 2007) ("Starr may conduct the requested discovery to determine whether or not there is a conflict of interest, and if so, the extent of that conflict"); *Linich v. Broadspire Services, Inc.*, 2007 WL 841509, *6 (D. Ariz. March 16, 2007) ("in light of Abatie, the Court finds that Plaintiff has a valid claim for discovery outside the administrative record regarding the conflict of interest involved in this case"); *McCurdy v. Metropolitan Life Ins. Co.*, 2007 WL 915177, *2 (E.D. Cal. March 23, 2007); *Liu v. Standard Ins. Co.*, 457 F.Supp.2d 1030, 1038 (C.D. Cal. 2006) (permitting depositions of the medical reviewers); *Baldoni*, 2007 WL 649295 at *6; *Gullidge v. Hartford Life & Acc. Ins. Co.*, — F.Supp.2d—, 2007 WL 2362912, *2 (C.D. Cal. Aug. 13, 2007) (hours expended on discovery were reasonable because, under *Abatie* and *Welch*, "[s]ome discovery regarding whether a conflict of interest existed is therefore appropriate if the plaintiff plans to raise the issue of conflict of interest at trial, which Plaintiff in this case apparently did."); *Alvarez v. Unum Life Ins.*

1  *Co. of Am.*, 2007 WL 2348737, *7 (N.D. Cal. Aug. 14, 2007) (granting Plaintiff's request for discovery).

### b.    Defendants' Contentions re Discovery.

Defendants dispute that discovery is necessary or appropriate in this matter. When, as here, the Plan by its terms extends discretionary authority to the claim administrator (here, Metropolitan Life Insurance Company ["MetLife"]), the decision in issue is reviewed for abuse of discretion on the basis of the administrative record. Because the Court's review is confined to the administrative record, there is no basis for discovery (any matters adduced in discovery, by definition, would be outside the administrative record and thus irrelevant to the question before the Court). Abuse of discretion review is limited to facts set forth in the administrative record. *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1470 (9th Cir. 1993).

Plaintiff's argument that discovery should be permitted with regard to the claim handling process likewise is incorrect, because his own claim either was, or was not, properly decided under the Plan. Any attempt to obtain discovery into the mental processes of the persons who analyzed the claim, and any attempt to obtain discovery about the claims of others, sheds no light at all on that issue, but merely distracts from the issue actually presented. *See Semien v. Life Ins. Co. of North America*, 436 F.3d 805 (7th Cir. 2006). In *Taft, supra*, the Ninth Circuit held that discretionary review of a benefit decision is limited to the evidence considered by the Plan. *Id.* at 1471, citing *Jones v. Laborers Health & Welfare Trust Fund*, 906 F.2d 480, 482 (9th Cir. 1990).

As a matter of public policy, the *Taft* court observed that permitting examination of evidence outside the administrative record would open the door to the anomalous conclusion that a fiduciary had abused its discretion by failing to consider evidence not before it. *Id.* at 1472. The *Taft* court explained that permitting introduction of evidence outside the administrative record is inconsistent with the primary goal of ERISA, which is to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. *Id.*

The Ninth Circuit affirmed its *Taft* holding in *McKenzie v. General Tel. Co.*, 41 F.3d 1310, 1314 (9th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995). As in *Taft*, the Ninth Circuit held that a court may not consider "new evidence," which was not part of the administrative

record. The court also held that under the abuse of discretion standard, a court may review only evidence which was before the fiduciary making the decision. Id. at 1316. The Ninth Circuit in McKenzie thus found that the trial court erred in relying on evidence never presented to the claim fiduciary, which was not in the administrative record but had been submitted directly to the court. Id.; see also Alford v. DCH Found. Group Long-Term Disability Plan, 311 F.3d 955, 959 (9th Cir. 2002) (documents neither "presented to" nor "considered by" fiduciary in reaching its claim decision should not be included in the record in district court).

Likewise, there is no basis for broad discovery merely because of a structural conflict which exists due to the fact that MetLife both funded the Plan benefits (through a group policy of insurance) and also made the decision being challenged here. Plaintiff's discussion above fails to articulate anything related to his own claim that so much as suggests that this structural conflict influenced the determination that he did not meet the Plan's definition of disability. Rather, the administrative record will show that Plaintiff's claim was decided consistent with MetLife's fiduciary obligation as claim administrator to conduct itself in accordance with the terms of the Plan and in the interests of all Plan participants as a whole. Certainly, to the extent Plaintiff appears to be arguing for broad-ranging "insurance bad faith" discovery, his position is unfounded. As is explained in Semien v. Life Ins. Co. of North America, 436 F.3d 805 (7th Cir. 2006):

> The reports by the physicians [the claim fiduciary] hired to review Semien's claim demonstrate a thorough consideration of the available information. These physicians found Semien capable of activities that would disqualify her from long-term disability coverage. Although Semien's treating physicians reached different conclusions as to her abilities, under an arbitrary and capricious review, neither this Court, nor the district court, will attempt to make a determination between competing expert opinions. Instead, an "insurer's decision prevails if it has rational support in the record."

Id. at 812 (quoting Leipzig v. AIG Life Ins. Co., 362 F.3d 406, 409 (7th Cir. 2004); see also Davis v. Unum Life Ins. Co. of America, 444 F.3d 569, 579 (7th Cir. 2006) (fiduciary did not abuse its discretion, as the record contained rational support for the denial of benefits).

Any disability claim presents unique facts, and stands or falls on its own merits. Thus, the fact that a different claimant may have received or been denied benefits based upon the

specific facts of his or her case, does not and cannot establish whether Plaintiff in this action is entitled to disability benefits based upon this record. As such, discovery regarding the handling of others' claims would be burdensome and contrary to the policy discussed in *Taft*, yet would add nothing meaningful to the discussion of whether Mr. Walker's claim was properly denied.

In the circumstances of this case, no discovery is necessary or appropriate. Should the Court determine that discovery on the issue of conflict may be conducted, however, any such discovery should at most consist of a limited set of written interrogatories. In no event should the Court permit Plaintiff to conduct depositions or other similarly burdensome discovery.

**Parties Statement Regarding Expert Discovery.**

The parties agree that expert disclosure and discovery is not necessary as the parties will not be utilizing experts for trial.

**Discovery Cut-Off Date**

Plaintiff proposes a discovery cut-off of April 1, 2008. Defendant contends discovery is not appropriate, but if discovery is permitted, the cut-off should be no later than April 1, 2008.

**Class Actions.**

This case has not been pled as a class action.

**Related Cases.**

There are no related cases.

**Relief.**

    a.    **Relief Sought by Plaintiff**

Plaintiff seeks past and future long term disability benefits and attorney's fees.

    **b. Relief Sought by Defendant.**

Defendant seeks judgment and dismissal with prejudice of this matter, and any reimbursement of attorneys' fees and cost permissible under the law.

**Settlement and ADR.**

The parties through their counsel have discussed ADR, and have agreed to private mediation to take place within the next six months.

**Consent to Magistrate Judge.**

Plaintiff consented to the Magistrate Judge. Defendant did not consent to the Magistrate Judge.

**Other References.**

This case is not suitable for, nor do the parties consent to, reference to binding arbitration or a special master. This case is not properly referable to the Judicial Panel on Multi-district Litigation.

**Narrowing of Issues.**

The parties believe that any substantive issues will be addressed as part of cross-motions for summary judgment and subsequently those issues may be narrowed through that process.

**Expedited Schedule.**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**Scheduling**

    i.    The parties propose that all fact discovery, if any, to be completed by April 1, 2008;[1]

    ii.    The parties propose that dispositive motions be filed by May 12, 2008;

    iii.    The parties request that the Court waive the Final Pre-Trial Conference because:

        (a)    This will be a bench trial with no live testimony;

        (b)    The parties anticipate that the only evidence that shall be presented at the trial will be the claim file and any evidence required to be contained within the Administrative Record; and

        (c)    The parties' respective position may be briefed through trial

---

[1] For the reasons discussed above, Defendants do not believe that discovery is appropriate. If Plaintiff moves for leave to conduct discovery and is permitted to do so, however, Defendants agree that it should be completed not later than April 1, 2008.

briefs.

    iv.    The parties propose a deadline for filing simultaneous opening trial briefs of July 14, 2008, and for filing reply briefs of July 28, 2008. The parties propose a trial date of August 18, 2008.

**Trial.**

The parties estimate that the trial of this matter will require two hours to one half day.

**Disclosure of Non-party Interested Entities or Persons.**

Pursuant to Civil L.R. 3-16, Plaintiff certifies that, other than himself, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Pursuant to Civil L.R. 3-16, Defendants certify that there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding, except for the following: Metropolitan Life Insurance Company; Kaiser Permanente Flexible Benefits Plan.

**Other Matters to be Considered.**

There are no other matters that should be considered at this time.

Dated: November 1, 2007        KANTOR & KANTOR

By: *Elizabeth Green* (signature)
Elizabeth K. Green
Attorney for Plaintiff

| | |
|---|---|
| 1 | |
| 2  Dated: November 1, 2007 | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
| 3 | |
| 4 | By: _____<br>Rebecca A. Hull<br>Christopher J. Keller |
| 5 | Attorneys for Metropolitan Life Insurance Company & Kaiser Permanente Flexible Benefits Plan |