IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALKER,<br><br>    Plaintiff,<br><br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, KAISER PERMANENTE FLEXIBLE BENEFITS PLAN, and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>                                                     / | No. C 07-03772 WHA<br><br>**ORDER APPROVING PROPOSED ORDER RE DISCOVERY; ORDER RE COSTS THEREFOR** |

    An a November 2008 order, the Court denied cross-motions for summary judgment and ordered defendant to produce certain discovery, in order to address gaps in the evidentiary record regarding potential bias of a medical review company defendant used to review plaintiff's file named NMR. Defendant subsequently moved for a protective order. A hearing on the motion was held at which a compromise was reached to address defendant's hardship concerns while still producing probative data — the provision of certain summary information regarding the track record of NMR reviews for a limited sample time period: eight weeks prior and eight weeks after the referral of plaintiff's claim to NMR. The parties subsequently filed a joint proposed order memorializing the arrangement. The parties, however, were unable to reach an agreement regarding how to handle the costs of producing the information.

    Defendant argues that plaintiff must pay. Defendant "conservatively" estimates that it will require roughly 180 hours per file to generate the information, plus miscellaneous other

1  time, for example, to identify the appropriate files for the time period.  It estimates the cost at
2  $68,044.00 — consisting of $39,644.00 for temporary paralegal help; $26,000.00 for processing
3  and redaction of documents; and copy costs of $2,400.00.  Further costs may be needed, it
4  explains, for buying or leasing the equipment needed to the team of temporary paralegals.

5       Plaintiff does not concede the accuracy of defendant's cost estimates.  Plaintiff further
6  contends that defendant should pay because it (as a very large company) is in the best position
7  to cover the costs and, moreover, will be able to use the data in future litigation.  Plaintiff
8  further emphasizes that MetLife can later request that the court shift the costs back to plaintiff
9  via an attorney's fees and costs motion, if the data reveal that the reviews were not biased.

10      Plaintiff also proposes an alternative:  that MetLife produce to plaintiff complete copies
11 of the CDs containing the files at issue, and plaintiff will then extract from them the NMR
12 reports at issue and the subsequent actions taken by MetLife with respect to those claims.
13 Plaintiff will redact the files at issue and provide copies to MetLife and the Court, along with a
14 report summarizing the pertinent statistics.  MetLife, however, argues that this method would
15 violate various privacy laws.

16      The Court's recollection is that it was represented at the hearing that process of
17 reviewing each file would closer to 15 minutes than 180 minutes.  The bulk of the information
18 should be discernible from the correspondence (referenced in the proposed order) to the
19 claimant or claimant's counsel following MetLife's receipt of NMR's report or opinion, along
20 with a quick review of the file for specified events such as a previously unrepresented claimant
21 engaging counsel.  It is far from clear that this limited review of the files — for just a four
22 month sample period — will cost nearly $70,000.  The Court **ORDERS** that, at present, the costs
23 be split evenly among the two sides.  Fees and costs motions may be filed following final
24 disposition, as appropriate.  If the plaintiff no longer wants the requested discovery he may so
25 indicate.  The proposed order is hereby **APPROVED** in all other respects (Dkt. No. 68).

27 Dated:  February 5, 2009.

                                 WILLIAM ALSUP
                                 UNITED STATES DISTRICT JUDGE